

FILED

April 20, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:55 A.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Malcolm S. Edwards | ) | Docket No. 2016-05-0727 |
| | ) | |
| v. | ) | |
| | ) | State File No. 38774-2016 |
| The Job Shoppe U.S.A., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale Tipps, Judge | ) | |

---

**Affirmed as Modified – Filed April 20, 2017**

---

In this interlocutory appeal, the employee reported an injury to his neck and right arm as a result of lifting activities at work. Although the employer initially provided the employee a panel of physicians, it subsequently denied the claim based on information indicating the employee had reported similar symptoms to his physician prior to the alleged work accident. As a result of this denial, the employee did not see the specialist to whom he was referred by the panel physician. Following an expedited hearing, the trial court ordered the employer to authorize medical treatment "until the doctor has an opportunity to address causation," but denied the employee's claim for temporary disability benefits. We affirm the trial court's decision as modified and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Ryan Sarr, Nashville, Tennessee, for the employer-appellant, The Job Shoppe U.S.A.

Keith Jordan, Nashville, Tennessee, for the employee-appellee, Malcolm S. Edwards

## Factual and Procedural Background

Malcolm S. Edwards ("Employee") was employed by The Job Shoppe U.S.A. ("Employer"), a temporary employment agency. He had been assigned to work at a plant that manufactures car seats. On May 10, 2016, his second day of work, Employee reported experiencing pain and symptoms in his neck and right arm after lifting car seats. He reported these symptoms to his supervisor, who recommended he slow the pace of his work activities. Employee was able to finish his shift, but he continued experiencing pain. He asked his cousin, who was also a co-worker, to drive him home. The next morning he went to a walk-in clinic complaining that he was unable to move his right arm. The nurse practitioner at the clinic noted a complaint of severe right arm pain for the last two or three weeks. She diagnosed radicular right arm pain and right arm weakness, and she referred Employee to Dr. Jacob Schwarz, a neurosurgeon.

After reporting his continued complaints to Employer, Employee was provided a panel of physicians from which he selected Dr. Caleb Wallwork at Workers' Health Walk-In Clinic. Dr. Wallwork diagnosed recurrent neck pain "while doing moderately heaving lifting" at work and a neck strain. Dr. Wallwork referred Employee to Dr. Schwarz and also referred him "back to his pain clinic."

On July 20, 2016, Employee was seen by Angela Hatchett, a nurse at Dr. Schwarz's office. Nurse Hatchett noted Employee's history of three prior neck surgeries and a lumbar surgery. She further noted that his "symptoms started at time of lifting incident at work 5/10/2016" and included "throbbing right arm pain" and "constant numbness." Employee underwent an EMG and nerve conduction study that revealed possible "very mild acute or acute-on-chronic right C7 radiculopathy." Nurse Hatchett reiterated that Employee's "symptoms reportedly started with [the] work incident." She ordered physical therapy and scheduled a return appointment with Dr. Schwarz.

Before Employee returned to Dr. Schwarz's office, Employer denied the claim. During the expedited hearing that followed, Employer argued Employee had suffered from chronic pain since his most recent prior neck surgery, had been referred to a pain clinic where he received monthly treatment with narcotics, and had complained of the exact same symptoms in the weeks prior to the alleged work accident. In response, Employee asserted that the pain and symptoms he experienced prior to the lifting incident at work were "nowhere near as intense" as those after the work accident.

Following the expedited hearing, the trial court issued an order requiring Employer to authorize medical treatment with Dr. Schwarz "until the doctor has an opportunity to address causation." However, the trial court also concluded that Employee had not come forward with sufficient evidence to show he was likely to prevail at a hearing on the merits with respect to the issue of medical causation. As a result, the trial court denied Employee's claim for temporary disability benefits. Employer has appealed.

2

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

**Analysis**

Employer presents a single issue on appeal: whether the trial court erred in ordering additional medical treatment with Dr. Schwarz. Employer argues that because it provided Employee a panel and authorized an evaluation with Dr. Wallwork, it satisfied its statutory obligation and should not be required to authorize additional treatment as recommended by Dr. Wallwork absent proof of a causal link between Employee's medical complaints and the reported work accident.

We have previously addressed the standard of proof required at expedited hearings. An employee need not prove at an expedited hearing each and every element of his or her claim by a preponderance of the evidence in order to obtain temporary disability benefits or medical benefits. *See, e.g.*, *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *Id.* However, "[t]his lesser evidentiary standard . . . does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at * 6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

3

Moreover, it is our responsibility to conduct an in-depth examination of the trial court's factual findings and conclusions, *Wilhelm v. Krogers*, 235 S.W.3d 122, 126 (Tenn. 2007), within the mandate set out in Tennessee Code Annotated sections 50-6-217(a)(3) and 50-6-239(c)(7) (2015). Section 50-6-239(c)(7) provides a presumption "that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Furthermore, when the trial court has seen and heard the witnesses, considerable deference must be given to the trial court's credibility findings. *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008).

The preliminary question in this case is whether Employee came forward with sufficient evidence to show he is likely to prevail at trial in proving a compensable work accident. With respect to that issue, the testimony supporting Employee's claim was uncontradicted. Employee testified that on his second day of employment, he experienced increased pain and other symptoms in his neck and right arm after lifting car seats at work. There is no dispute that he reported these symptoms to a supervisor. There is also no dispute that he requested medical treatment. Employee's testimony regarding the facts of the accident was corroborated by Scotty Edwards, a co-worker. Mr. Edwards described a specific lifting incident after which Employee grabbed his arm and complained of acute pain. Although Employer attempted to call into question the credibility of this testimony by noting Mr. Edwards' familial connection to Employee, Employer nevertheless offered no testimony or other evidence to refute the occurrence of the work accident. Thus, the preponderance of the evidence supports a conclusion that Employee came forward with sufficient evidence at the expedited hearing to show he is likely to prevail in proving a compensable work accident.

Once an employee has satisfied the burden of showing a likelihood of prevailing on the initial issue of whether a compensable accident has occurred, a trial court can order the initiation of medical and/or temporary disability benefits at an expedited hearing. *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *17. In the present case, Employee satisfied his burden of showing a likelihood of prevailing at trial in proving the occurrence of a compensable accident. Thus, although the trial court concluded that Employee had not proven the work accident caused more than fifty percent of his disability or need for medical treatment, considering all causes, that finding does not weigh against the trial court's decision to order additional medical treatment with the physician to whom Employee was referred by the panel doctor at this stage of the case. Therefore, we conclude the trial court's decision to order Employer to authorize additional treatment with Dr. Schwarz, who had not seen Employee after the work accident due to Employer's denial of the claim, was supported by the preponderance of the evidence presented at the expedited hearing.

Employer asserts that the panel physician, Dr. Wallwork, offered an opinion supporting its argument that Employee's current complaints were related solely to his pre-existing condition. We disagree with this overly-narrow interpretation of Dr.

4

Wallwork's May 20, 2016 report. In that record, Dr. Wallwork noted Employee complained of "new pain" after the lifting incident at work on May 10, 2016. In addition, after reviewing the timeline of events after the work injury, which was consistent with Employee's testimony, Dr. Wallwork opined it was "reasonable" for Employee to seek an appointment with Dr. Schwarz.

We further disagree with Employer's contention that Dr. Wallwork's subsequent comment ("it sounds like a recurrence of his old neck problems") constituted an opinion that the work accident did not cause a new injury or aggravate a pre-existing condition. In fact, in the diagnosis section of his report, Dr. Wallwork specifically stated that Employee suffered a "recurrence of pain while doing moderately heavy lifting . . . ten days ago," and that he suffered a "neck strain." He then recommended a "referral back to Dr. Schwartz." Instead of supporting Employer's argument on appeal, we conclude Dr. Wallwork's report supports the trial court's decision to order Employer to authorize additional medical treatment with Dr. Schwarz. Thus, we find no merit in Employer's argument.

Employee asserts that the trial court erred in refusing to award temporary total disability benefits based on Dr. Wallwork's imposition of work restrictions in his May 20, 2016 report. In support of his argument, Employee cites portions of the statutory definition of "injury" contained in Tennessee Code Annotated section 50-6-102(14) (2016). However, Employee excluded a relevant portion of that definition, which states,

> [a]n injury causes death, *disablement* or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, *disablement* or need for medical treatment, considering all causes.

Tenn. Code Ann. § 50-6-102(14)(C) (emphasis added). When considering this definition in light of the standard of proof at an expedited hearing, we conclude that, in order to be awarded temporary disability benefits at an expedited hearing, an employee must come forward with sufficient evidence to show he or she is likely to prevail at trial in proving the work accident contributed more than fifty percent in causing the temporary disability. Given Dr. Wallwork's equivocal statements concerning the cause of Employee's condition, we find the trial court did not err in denying temporary benefits at this time.

Before concluding, we note that the trial court determined Employer "must return [Employee] to Dr. Schwarz until the doctor has an opportunity to address causation." We respectfully disagree that setting such a condition on authorized medical treatment is appropriate under these circumstances. As we have previously held,

> [w]hile an injured worker who meets the applicable statutory requirements is entitled to medical benefits, there is no "right to a causation opinion" as

5

such. *See generally* Tenn. Code Ann. § 50-6-204(d)(9), (g)(2)(B) (2015). If a trial court determines that medical benefits are appropriate, the court can order the initiation of such benefits. However, it is the parties' responsibility to secure expert opinions or other evidence necessary to address any applicable burden of proof.

*Pool v. Jarmon D&Q Transp.*, No. 2015-06-0510, 2016 TN Wrk. Comp. App. Bd. LEXIS 1, at *9-10 (Tenn. Workers' Comp. App. Bd. Jan. 4, 2016). Thus, to the extent the trial court's order in this case can be interpreted to require Employer to authorize and secure a "causation opinion" from Dr. Schwarz as part of the authorized medical treatment, the order is modified to make clear that Employer must authorize such treatment as is reasonable, necessary, and causally related to the work accident in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) (2016). It is the responsibility of each party to secure whatever expert opinions such party may deem appropriate in support of its case.

## Conclusion

In light of the foregoing, we affirm the trial court's order as modified and remand the case for any further proceedings that may be necessary.

 **FILED**

**April 20, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:55 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Malcolm S. Edwards | ) | Docket No.  2016-05-0727 |
| | ) | |
| v. | ) | State File No.  38774-2016 |
| | ) | |
| The Job Shoppe U.S.A., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th  day of April, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Keith Jordan** | | | | | X | jordanlawoffice@comcast.net |
| **Ryan Sarr** | | | | | X | rsarr@morganakins.com |
| **Dale Tipps, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov